IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANKLIN MAHUKA, JR., ET AL., ) | CIVIL 19-00177 LEK-RT |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| WILLIAM ALIA, Deputy ) | |
| Director, Department of ) | |
| Hawaiian Home Lands, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
<u>DEFENDANT THE UNITED STATES OF AMERICA'S MOTION TO DISMISS</u>**

On May 31, 2019, Defendant the United States of America ("the Government") filed its Motion to Dismiss ("Motion"). [Dkt. no. 26.] Pro se Plaintiffs Franklin Mahuka, Jr. and Joakim Mahuka ("Plaintiffs") filed their memorandum in opposition on June 5, 2019, and the Government filed its reply on June 14, 2019. [Dkt. nos. 32, 34.] On June 14, 2019, Defendants Department of Hawaiian Home Lands ("DHHL"), State of Hawai`i ("the State"); William Aila ("Aila"), Deputy Director, DHHL; Jobie Masagatani ("Masagatani"), Director, DHHL; Dean T. Oshiro ("Oshiro"), Acting Administrator, Homestead Services Division, DHHL; Hawaiian Homes Commission ("HHC"); Michael P. Kahikina ("Kahikina"), Commissioner, HHC; Wren Wescoat, III ("Wescoat"), Commissioner, HHC; Randy Awo

("Awo"), Commissioner, HHC; Pauline Namu`o ("Namu`o"), Commissioner, HHC; Zachary Helm ("Helm"), Commissioner, HHC; Wallace A. Ishibashi ("Ishibashi"), Commissioner, HHC; and David B. Ka`apu ("Ka`apu"), Commissioner, HHC, filed their statement of no opposition to the Motion. [Dkt. no. 35.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). On June 28, 2019, an entering order was issued informing the parties of this Court's ruling on the Motion. [Dkt. no. 36.] This Order supersedes that entering order. The Government's Motion is hereby granted in part and denied in part for the reasons set forth below.

## BACKGROUND

Plaintiff filed their Verified Complaint for Declaratory and Injunction Relief ("Complaint") on April 8, 2019. [Dkt. no. 1.] The Complaint alleges Plaintiffs are brothers who are native Hawaiians, as defined by the Hawaiian Homes Commissions Act of 1920, who seek to challenge the homestead lease program administered by the DHHL and HHC. [Complaint at pg. 2.] The Complaint names as defendants the DHHL, Aila, Masagatani, Oshiro, HHC, Kahikina, Wescoatt, Awo, Namu`o, Helm, Ishibashi, and Ka`apu. [Id. at pgs. 3-6, ¶¶ 6-17.] In addition to the Government, the Complaint also names

2

the State as a defendant, and alleges they are both "vital part[ies] to this action." [Id. at pg. 6, ¶¶ 18-19.] Plaintiffs allege all of the defendants are sued in their official capacities. See id. at pgs. 3-6, ¶¶ 6-19.

Plaintiffs allege that they live in a "historical family home" in Waianae ("the Property") pursuant to a DHHL lease. [Id. at pg. 7.] On an unspecified date, Plaintiffs were notified by their sister, Eyvette K. Mahuka, of a letter that she received from Oshiro dated January 15, 2019, titled "Surrender Acceptance and Order to Vacate," which directed Plaintiffs to vacate the Property by no later than March 19, 2019 ("Notice to Vacate"). [Id. at pg. 7, 9.[1]] After requesting an extension, Plaintiffs received a letter dated March 5, 2019 signed by Masagatani, granting Plaintiffs a thirty-day extension. [Id. at pg. 7.] Plaintiffs allege they were never provided notice of the applicable rules, regulations, and processes pertaining to their DHHL lease and the return of the Property to DHHL that would require them to vacate the residence. [Id. at pg. 7-8, ¶¶ A-F.] Plaintiffs allege DHHL

---

[1] Page 7 generally describes the Notice to Vacate letter, but page 9 alleges "Defendant Oshiro issued a letter to Plaintiffs [sic] sister, Eyvette K. Mahuka, in forming [sic] her "[T]he Department of Hawaiian Home Lands (DHHL) requires that you, your family, and all other unknown persons residing at this property, vacate the premises no later than Friday, March 15, 2019." [Complaint at pg. 9 (emphasis omitted).]

3

and HHC do not have any policies, procedures, or administrative rules that would protect the due process rights of native Hawaiians living on Hawaiian Home Lands such as the Property that Plaintiffs resided on pursuant to the DHHL lease. [Id. at pg. 8.] In addition, Plaintiffs allege they were never offered any just compensation for the taking of the Property, [id. at pg. 10,] and that they "were never afforded the right to a Notice, Hearing, Right to Defend against the taking of their historical home, a decision or the Right to Appeal the adverse decision," id. at pg. 11.

Plaintiffs allege claims pursuant to 42 U.S.C. § 1983 for: a violation of the Takings Clause of the Fifth Amendment of the United States Constitution ("Count I"); and a due process violation under the Fifth and Fourteenth Amendments of the United States Constitution ("Count II"). In addition, Plaintiffs seek declaratory and injunctive relief. [Id. at pg. 12-13.]

The Government argues that all of Plaintiffs' claims against the Government must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and (6), because it fails to allege any claim against the Government, or in the alternative, that the Complaint be dismissed with prejudice.

**DISCUSSION**

I. **Subject Matter Jurisdiction**

First, because Plaintiffs are pro se, this Court must liberally construe their pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (citation and quotation marks omitted)). Although the Government argues the Complaint fails to present "a cause of action against the United States based on statute or case law," see Mem. in Supp. of Motion at 3, to the extent the Complaint alleges a violation of the Fifth and Fourteenth Amendments of the United States Constitution, the Complaint raises a federal question over which this Court has subject matter jurisdiction. See Bishop Paiute Tribe v. Inyo Cty., 863 F.3d 1144, 1151 (9th Cir. 2017) ("Under 28 U.S.C. § 1331, federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." (internal quotation marks omitted)). Accordingly, the portion of the Government's Motion based on Rule 12(b)(1) is denied.

II. **Failure to State a Claim**

Next, the Government argues Plaintiffs' Complaint must be dismissed because it is not supported by allegations detailing the basis of their claims against the Government.

This Court agrees.  Plaintiffs' Complaint appears entirely devoid of any factual allegations, which, if accepted as true, would state a plausible claim for relief against the Government. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)).  The only allegations that specifically pertain to the Government are found on pages 2 and 6 of the Complaint.  On page 2, Plaintiffs allege this action is based in part on the Government's "violat[ion of] their rights to DUE PROCESS" when Plaintiffs were notified to vacate the Property, and allege "[b]oth the [State] and the [Government] are indispensable parties to this action."  [Complaint at pg. 2 (emphasis in original and some emphases omitted).]  On page 6, Plaintiffs allege "[the Government] is a vital party to this action of Hawaii is [sic] being sued in its OFFICIAL CAPACITY," and repeat without any supportive factual allegations that the Government is an "indispensable part[y] to this action."  [Id. at pg. 6 (emphasis in original).]

Other than these assertions, Plaintiffs fail to plead any factual matter from which this Court could reasonably infer that the Government is an indispensable party, or that it is liable for the harm alleged.  See Iqbal, 556 U.S. at 678 ("A

6

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citation omitted)). Instead, the Complaint only presents "naked assertions devoid of further factual enhancement" that the Government is somehow involved in, and is an indispensable party to, the instant action. See id. (brackets, citation, and internal quotation marks omitted). This "unadorned, the-defendant-unlawfully-harmed-me accusation," see id. (citation omitted), is insufficient to meet the well-settled pleading standard required by Iqbal, and presents only conclusory statements which need not be accepted as true. See id. ("[a]lthough for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation" (citation and internal quotation marks omitted)). Excluding these conclusory statements, there are no allegations remaining in the Complaint that plead sufficient factual matter to assert a plausible claim against the Government.

To the extent the Government is included in Plaintiffs' allegations pertaining to acts common to all of the defendants, these allegations also fail to demonstrate sufficient factual matter to state a plausible claim for relief.

7

Rule 12(b)(6) is read in conjunction with Fed. R. Civ. P. 8(a)(2),[2] which provides that: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Where the allegations fail to identify which acts were undertaken by specific defendants, it fails to state a "short and plain statement of the claim showing that the pleader is entitled to relief." See Rule 8(a)(2); Sebastian Brown Prods., LLC v. Muzooka, Inc., 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2015) ("A plaintiff must identify what action each [d]efendant took that caused [the p]laintiffs' harm, without resort to generalized allegations against [the d]efendants as a whole." (citation and internal quotation marks omitted)).

---

[2] In Iqbal, the United States Supreme Court explained:

> Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. . . . [O]nly a complaint that states a plausible claim for relief survives a [Rule 12(b)(6)] motion to dismiss. [Bell Atl. Corp. v. Twombly], [550 U.S. 544,] 556 [(2007)]. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

556 U.S. at 678-79 (some brackets in Iqbal).

Aside from alleging that Plaintiffs' "constitutional right[s were] violated by the Defendants," the only other allegation relating to all defendants lacks any supporting facts required by Rule 8(a)(2), to meet the plausibility standard under Rule 12(b)(6). See Iqbal, 556 U.S. at 678-79. Plaintiffs allege "Defendant did NOT inform the Plaintiffs that they had to vacate their historical family home, which has been in their family since the early 1980's." [Complaint at pg. 9 (emphasis in original).] This allegation, on its own, does not support Plaintiffs' assertion that the Government is an indispensable party, and only offers part of a "formulaic recitation of the elements of a cause of action[, which] will not do." See Iqbal, 556 U.S. at 678 (citation and quotation marks omitted).

Because the Complaint is devoid of any non-conclusory allegations against the Government, and does not allege sufficient factual matter for this Court to reasonably infer that Plaintiffs are entitled to relief, Plaintiffs' claims against the Government must be dismissed. Accordingly, the Government's Motion is granted in part as to this argument.

## III. **Leave to Amend**

The Ninth Circuit has held that "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect and that opportunities to amend are particularly important for the pro se litigant." See Harris

9

v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) (brackets in Harris) (citation, emphasis, and internal quotation marks omitted); see also Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) ("Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel." (citation and quotation marks omitted)). Leave to amend should be granted "even if no request to amend the pleading was made, unless [the district court] determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d at 1127 (citations and quotation marks omitted).

At this time, it is not clear whether it is impossible for Plaintiffs to amend their Complaint to allege a claim or claims against the Government. Plaintiffs must therefore be granted leave to file an amended complaint to attempt to cure the deficiencies identified in this Order. See Harris, 863 F.3d at 1142.

If Plaintiffs choose to file an amended complaint, they must do so by **September 23, 2019**, and the amended complaint must allege sufficient factual matter as to the Government that meets the pleading standard of Rule 8(a)(2) and Rule 12(b)(6). Plaintiffs' amended complaint must include all of the claims that they wish to allege, and all of the allegations that their claims are based upon, even if they previously presented them in

the original Complaint.  Plaintiffs cannot incorporate any part of their original Complaint into the amended complaint by merely referring to the original Complaint.  Plaintiffs are cautioned that, if they fail to file their amended complaint by **September 23, 2019**, or if the amended complaint fails to cure the defects that have been identified in this Order, this Court will dismiss Plaintiffs' claims against the Government with prejudice – in other words, without leave to amend.  Plaintiffs will then only be allowed to proceed against the remaining defendants, and the Government will be terminated as a defendant from this action.

## CONCLUSION

On the basis of the foregoing, Defendant the United States of America's Motion to Dismiss, filed May 31, 2019, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED insofar as all of Plaintiffs' claims against the Government are dismissed.  The Motion is DENIED as to the Government's Rule 12(b)(1) argument, and insofar as the dismissal is WITHOUT PREJUDICE.  Plaintiffs are GRANTED LEAVE to file their amended complaint, which must comply with the guidance set forth in this Order, by **September 23, 2019**.

IT IS SO ORDERED.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**FRANKLIN MAHUKA, JR., ET AL. VS. WILLIAM ALIA, ET AL.;**
**CV 19-00177 LEK-RT; ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT THE UNITED STATES OF AMERICA'S MOTION TO DISMISS**