IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FRANKLIN MAHUKA, JR., ET AL.,  )    CIVIL 19-00177 LEK-RT
                         )
        Plaintiffs,   )
                         )
    vs.              )
                         )
WILLIAM ALIA, Deputy      )
Director, Department of    )
Hawaiian Home Lands, et al.,  )
                         )
        Defendants.   )
_____)

**ORDER GRANTING STATE DEFENDANTS'MOTION FOR JUDGMENT ON THE
PLEADINGS AND DENYING PLAINTIFFS' REQUEST FOR RECONSIDERATION**

On December 13, 2019, Defendants Department of

Hawaiian Home Lands, State of Hawai`i ("DHHL"); William Aila,

Deputy Director, DHHL; Jobie Masagatani, Director, DHHL; Dean T.

Oshiro, Acting Administrator, Homestead Services Division, DHHL;

Michael P. Kahikina, Commissioner, Hawaiian Homes Commission

("HHC"); Wren Wescoat, III, Commissioner, HHC; Randy Awo,

Commissioner, HHC; Pauline Namu`o, Commissioner, HHC;

Zachary Helm, Commissioner, HHC; Wallace A. Ishibashi,

Commissioner, HHC; David B. Ka`apu, Commissioner, HHC; and the

HHC ("State Defendants") filed their Motion for Judgment on the

Pleadings ("Motion").  [Dkt. no. 41.]  Pro se Plaintiffs

Frank Mahuka, Jr. and Joakim Mahuka ("Plaintiffs") filed their

Opposition to Motion for Judgment on the Pleadings ("Memorandum

in Opposition") on December 30, 2019, and the State Defendants filed their reply on January 31, 2020. [Dkt. nos. 43, 44.] In light of the arguments presented in Plaintiffs' Memorandum in Opposition, on May 5, 2020, this Court construed the Memorandum in Opposition as an untimely motion for reconsideration of this Court's August 26, 2019 Order Granting in Part and Denying in Part Defendant the United States of America's Motion to Dismiss ("8/26/19 Order"), [dkt. no. 40,[1]] and granted Plaintiffs additional leave to file a response to the Motion by May 15, 2020. [EO: Court Order Regarding Plaintiffs' Opposition to the State Defendants' Motion for Judgment on the Pleadings, filed May 5, 2020 ("5/5/20 EO") (dkt. no. 61).] On May 22, 2020 the State Defendants filed their response to the Memorandum in Opposition. [Dkt. no. 62.] On May 28, 2020, Plaintiffs filed their response to the 5/5/20 EO ("5/28/20 Response"). [Dkt. no. 63.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). The State Defendants' Motion is hereby granted, and the Memorandum in Opposition is

---

[1] The 8/26/19 Order is also available at 2019 WL 4017234. Although Plaintiffs were granted leave to file an amended complaint by September 23, 2019, [8/26/19 Order at 10-11,] they did not do so.

denied to the extent it requests reconsideration of the 8/26/19 Order, for the reasons set forth below.

## BACKGROUND

The factual and procedural background are laid out in the 8/26/19 Order and will not be repeated in full here.  In pertinent part, Plaintiffs occupy a house ("the Property") previously leased to Plaintiffs' sister, Eyvette Mahuka, from DHHL.  Eyvette Mahuka surrendered the Property back to DHHL, and Plaintiffs received an order to vacate the Property.  See Verified Complaint for Declaratory and Injunctive Relief ("Complaint"), filed 4/8/19 (dkt. no. 1), at pg. 7.  Plaintiffs bring claims pursuant to 42 U.S.C. § 1983 for: a violation of the Takings Clause of the Fifth Amendment of the United States Constitution ("Count I"); [id. at pgs. 9-10;] and a due process violation under the Fifth and Fourteenth Amendments of the United States Constitution ("Count II"), [id. at pgs. 10-11].  Plaintiffs seek declaratory and injunctive relief.  [Id. at pgs. 12-13.]

In the instant Motion, the State Defendants move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and (h)(2).  In the Memorandum in Opposition, Plaintiffs seek reconsideration of the 8/26/19 Order on the basis that the Court erred as a matter of law.

## STANDARD

Rule 12(c) provides: "After the pleadings are closed –
but early enough not to delay trial – a party may move for
judgment on the pleadings."  "Although [Ashcroft v.] Iqbal[, 556
U.S. 662 (2009),] establishes the standard for deciding a
Rule 12(b)(6) motion, we have said that Rule 12(c) is
functionally identical to Rule 12(b)(6) and that the same
standard of review applies to motions brought under either
rule."  Cafasso ex rel U.S. v. Gen. Dynamics C4 Sys., Inc., 637
F.3d 1047, 1054 n.4 (9th Cir. 2011) (citations and internal
quotation marks omitted).  On a motion for judgment on the
pleadings, the Court must "accept as true all allegations in
[the plaintiff's] complaint and treat as false those allegations
in the answer that contradict [the plaintiff's] allegations."
Cell Therapeutics, Inc. v. Lash Grp., Inc., 586 F.3d 1204, 1206
n.2 (9th Cir. 2009) (citation omitted).  "[J]udgment on the
pleadings is properly granted when there is no issue of material
fact in dispute, and the moving party is entitled to judgment as
a matter of law[.]"  Jackson v. Barnes, 749 F.3d 755, 763 (9th
Cir. 2014) (citation and internal quotation marks omitted).
However, the Court need not "accept as true allegations that
contradict matters properly subject to judicial notice" or
"allegations that are merely conclusory, unwarranted deductions
of fact, or unreasonable inferences."  In re Gilead Scis. Sec.

4

Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and
quotation marks omitted).  Therefore, to survive a Rule 12(c)
motion, "a complaint must contain sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible
on its face.'"  See Iqbal, 556 U.S. at 678 (quoting Bell Atl.
Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is
facially plausible when the factual allegations supporting it
"allow[] the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged."  Id. (citing
Twombly, 550 U.S. at 556).

## DISCUSSION

### I.   42 U.S.C. § 1983 Claims

        Because Plaintiffs are pro se, this Court must
liberally construe their pleadings.  See Erickson v. Pardus, 551
U.S. 89, 94 (2007) (per curiam) ("a pro se complaint, however
inartfully pleaded, must be held to less stringent standards
than formal pleadings drafted by lawyers" (citation and
quotation marks omitted)).  Both Count I and II allege claims
pursuant to 42 U.S.C. § 1983.  Section 1983 states, in pertinent
part:

                Every person who, under color of any statute,
                ordinance, regulation, custom, or usage, of any
                State or Territory or the District of Columbia,
                subjects, or causes to be subjected, any citizen
                of the United States or other person within the
                jurisdiction thereof to the deprivation of any
                rights, privileges, or immunities secured by the

5

Constitution and laws, shall be liable to the
party injured in an action at law, suit in
equity, or other proper proceeding for
redress . . . .

It is well settled that neither a state, a state
agency, nor a state official sued in his official capacity is a
"person" for purposes of a § 1983 action seeking monetary
damages.  See, e.g., Will v. Mich. Dep't of State Police, 491
U.S. 58, 70–71 (1989).  Further, in enacting § 1983, Congress
did not abrogate the states' Eleventh Amendment immunity.  See
id. at 66.  However, "official-capacity actions for prospective
relief are not treated as actions against the State."  Id. at 71
n.10 (citations and quotation marks omitted).  Similarly,
sovereign immunity does not shield a state officer's alleged
violation of the federal constitution when the plaintiff is
seeking prospective injunctive relief.  Pennhurst State Sch. &
Hosp. v. Halderman, 465 U.S. 89, 102–03 (1984).  Still, courts
cannot award retroactive relief for a prior violation under the
guise of a prospective injunction.  See Edelman v. Jordan, 415
U.S. 651, 668 (1974).

As the United States Supreme Court stated:

Relief that in essence serves to compensate
a party injured in the past by an action of a
state official in his official capacity that was
illegal under federal law is barred even when the
state official is the named defendant.  This is
true if the relief is expressly denominated as
damages.  See, e.g., Ford Motor Co. v. Department

6

of Treasury of Indiana, 323 U.S. 459 (1945).[2]
It is also true if the relief is tantamount to an
award of damages for a past violation of federal
law, even though styled as something else.  See,
e.g., Green v. Mansour, [474 U.S. 64,] 69-70
[(1985)]; Edelman v. Jordan, 415 U.S. 651, 664-
668 (1974).  On the other hand, relief that
serves directly to bring an end to a present
violation of federal law is not barred by the
Eleventh Amendment even though accompanied by a
substantial ancillary effect on the state
treasury.  See Milliken v. Bradley, 433 U.S. 267,
289-290 (1977); Edelman, supra 415 U.S., at 667-
668.

For Eleventh Amendment purposes, the line
between permitted and prohibited suits will often
be indistinct: "[T]he difference between the type
of relief barred by the Eleventh Amendment and
that permitted under Ex parte Young[, 209 U.S.
123 (1908),] will not in many instances be that
between day and night." Edelman, supra, at 667.
Compare, e.g., Quern v. Jordan, 440 U.S. 332
(1979), with Green v. Mansour, supra.  In
discerning on which side of the line a particular
case falls, we look to the substance rather than
to the form of the relief sought, see, e.g.,
Edelman, supra 415 U.S., at 668, and will be
guided by the policies underlying the decision in
Ex parte Young.

Papasan v. Allain, 478 U.S. 265, 278-79 (1986) (some alterations

in Papasan) (footnote omitted).

There has been no allegation that Plaintiffs have

already been evicted, so the relief they are seeking, the

prevention of a future eviction, is arguably prospective.  Also,

although the State Defendants have been sued in their official

---

[2] Ford Motor was overruled on other grounds by Lapides
v. Board of Regents of University System of Georgia, 535
U.S. 613, 614 (2002).

capacity, Plaintiffs are not seeking damages; they are seeking declaratory and injunctive relief.  For these reasons, the Eleventh Amendment does not preclude Plaintiffs from bringing these claims for prospective relief against the individuals named as defendants in their official capacity.

### A.    Standing

The State Defendants argue Plaintiffs lack standing. "To have standing under Article III [of the United States Constitution], a plaintiff must have (1) a concrete and particularized injury that (2) is caused by the challenged conduct and (3) is likely redressable by a favorable judicial decision." Juliana v. United States, 947 F.3d 1159, 1168 (9th Cir. 2020) (some citations omitted) (citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000)).  The State Defendants argue Plaintiffs have not demonstrated an injury, causation, or redressability.

"The party invoking federal jurisdiction bears the burden of establishing these elements." Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992) (citations omitted).  The general rule is that, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to

support the claim.'"  Id. (some alterations in Lujan v. Defs. of
Wildlife) (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871,
889 (1990)).  Here, however, the conclusory allegations offered
will not suffice.  Although Plaintiffs allege they reside on the
Property, the State Defendants correctly point out that
Plaintiffs have not identified a legally protected interest as
required by the first element of standing.  As Plaintiffs
concede, the Property was leased from and "returned" to DHHL by
"the 'official' lessee," Eyvette Mahuka.  See Complaint at
pg. 7.  The Court is sympathetic to the potential loss of
Plaintiffs' residence, however Plaintiffs have not alleged the
existence of any legally identifiable property interests arising
from their occupation of the Property.  Therefore, the
conclusory allegation that it has been unlawfully taken without
appropriate compensation or due process is insufficient to
allege an actionable injury to an identifiable interest.
Because Plaintiffs have failed to demonstrate injury, they
cannot carry their burden on standing, and the Court need not
reach the State Defendants' arguments with respect to causation
and redressability.

        However, if the Court were to assume that the element
of injury was sufficiently pled, causation would also be
sufficiently pled.  "[C]ausation . . . requires a showing that
his injury is 'fairly traceable to the challenged action of the

defendant, and not the result of the independent action of some third party not before the court.'" Mendia v. Garcia, 768 F.3d 1009, 1012 (9th Cir. 2014) (quoting Bennett v. Spear, 520 U.S. 154, 167, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997)). "Causation may be found even if there are multiple links in the chain connecting the defendant's unlawful conduct to the plaintiff's injury, and there's no requirement that the defendant's conduct comprise the last link in the chain." Id. (citing Bennett, 520 U.S. at 168–69, 117 S. Ct. 1154). Although Eyvette Mahuka's surrender of the Property may have been the catalyst to the events at issue, Plaintiffs' alleged injury is traceable to the State Defendants through their notice to vacate, which was directed towards Plaintiffs, and the alleged lack of due process.

A closer question exists on the issue of redressability.

> To establish redressability, a plaintiff must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (internal quotation marks omitted). A plaintiff's burden to demonstrate redressability is "relatively modest." Renee v. Duncan, 686 F.3d 1002, 1013 (9th Cir. 2012) (quoting Bennett v. Spear, 520 U.S. 154, 171, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997)). She "need not demonstrate that there is a 'guarantee' that [her] injuries will be redressed by a favorable decision," id. (quoting Graham v. FEMA, 149 F.3d 997, 1003 (9th Cir. 1998)); rather, a

10

plaintiff need only "show a 'substantial
likelihood' that the relief sought would redress
the injury," Mayfield v. United States, 599 F.3d
964, 971 (9th Cir. 2010).  If, however, a
favorable judicial decision would not require the
defendant to redress the plaintiff's claimed
injury, the plaintiff cannot demonstrate
redressability, see, e.g., Mayfield, 599 F.3d at
971, unless she adduces facts to show that the
defendant or a third party are nonetheless likely
to provide redress as a result of the decision,
see Lujan, 504 U.S. at 562, 112 S. Ct. 2130.

Finally, even where a plaintiff requests
relief that would redress her claimed injury,
there is no redressability if a federal court
lacks the power to issue such relief.  See
Republic of Marshall Islands v. United States,
865 F.3d 1187, 1199 (9th Cir. 2017)
("Redressability requires an analysis of whether
the court **has the power** to right or to prevent
the claimed injury." (emphasis added) (quoting
Gonzales v. Gorsuch, 688 F.2d 1263, 1267 (9th
Cir. 1982) (Kennedy, J.))). . . .

M.S. v. Brown, 902 F.3d 1076, 1083 (9th Cir. 2018) (emphasis in

M.S.).

Plaintiffs' requested declaratory relief alone is not

substantially likely to mitigate Plaintiffs' injury.  See

Juliana, 947 F.3d at 1170 (citations omitted) ("A declaration,

although undoubtedly likely to benefit the plaintiffs

psychologically, is unlikely by itself to remediate their

alleged injuries absent further court action.").  The

substantive relief sought by Plaintiffs is injunctive,

specifically: 1) enjoining the defendants from judicially

ejecting Plaintiffs from the Property ("Injunction 1"); and

11

2) enjoining the defendants from ejecting all native Hawaiians residing on Hawaiian Home Lands, until such procedures are in place sufficient to protect their interests ("Injunction 2"). [Complaint at pgs. 12-13.]  Although Plaintiffs explicitly seek to enjoin judicial proceedings, redressability is satisfied, provided that the judicial proceedings at issue have not commenced.  See Conner v. Aila, CIV. NO. 19-00233 JMS-KJM, 2019 WL 4047609, at *3 (D. Hawai`i Aug. 27, 2019) (concluding that the plaintiffs' attempt to enjoin the state official defendants from proceeding with a pending state court action to eject the plaintiffs from DHHL land was precluded by the Anti-Injunction Act, 28 U.S.C. § 2283); see also Dombrowski v. Pfister, 380 U.S. 479, 484 n.2 (1965) (citation omitted) (stating that the Anti-Injunction Act does not "not preclude injunctions against the institution of state court proceedings, but only bar[s] stays of suits already instituted.").  Neither party has raised the issue of the Anti-Injunction Act, and the Court declines to do so sua sponte.

To the extent the Plaintiffs seek the entry of Injunction 2 on behalf of all native Hawaiians, Plaintiffs are not permitted to appear on behalf of others.  See Hou 1778 Hawaiians v. United States Dep't of Justice, CIVIL NO. 15-00320 SOM/BMK, 2016 WL 335851, at *3 (D. Hawai`i Jan. 27, 2016) (concluding that the pro se plaintiff, who was not an attorney,

12

was prohibited from representing others (citing Simon v. Hartford Life, Inc., 546 F.3d 661, 664-64 (9th Cir. 2008))).
There is no evidence either Plaintiff is a licensed attorney and authorized to practice in this district court.  Plaintiffs may only seek Injunction 2 as to their own interests.

In sum, although causation is sufficiently pled and redressability is sufficiently pled in part, Plaintiffs have not sufficiently pled injury, and therefore Plaintiffs have not demonstrated they have standing to pursue these claims.

**B.    Failure to State a Claim** – **Count I**

The State Defendants argue Plaintiffs fail to state a claim upon which relief can be granted with regard to Count I because they fail to allege that they possess a legally identifiable interest in the Property under the standard applicable to Rule 12(c) motions.  The Court agrees.  The lack of sufficient factual allegations is due, at least in part, to the unique nature of the property at issue.  Because Eyvette Mahuka leased the Property from DHHL, one of the statutory conditions of her lease prevented her from transferring the lease, or holding the Property for the benefit of any other individual or group, except a native Hawaiian or Hawaiians and even then, only upon the approval of the DHHL.  See Hawaiian Homes Commission Act, § 208(5), Pub. L. No. 86-3, 73 Stat. 5

(1959).[3]  The DHHL accepted the surrender of the Property.  See
Haw. Admin. R. § 10-3-66(a); see also Complaint at pg. 8
(stating Plaintiffs received notice that the State Defendants
accepted Eyvette Mahuka's surrender of the Property).  Accepting
Plaintiffs' factual allegations regarding Eyvette Mahuka's
surrender of the Property as true, see Complaint at pg. 7,
Plaintiffs have not alleged sufficient facts to support the
proposition that they have an interest in the Property under
Hawai`i state law.  Furthermore, Plaintiffs' allegation that the
State Defendants violated the Takings Clause of the United
States Constitution is a legal conclusion and thus not entitled
to be accepted as true.  See Ashcroft v. Iqbal, 556 U.S. 662,
678 (2009).  Without sufficient factual allegations to
substantiate the existence of an interest in the Property, the
Court is unable to reasonably infer that the State Defendants
are liable for the misconduct of invading that interest.
Because Plaintiffs fail to allege a plausible claim in Count I,
the State Defendants' Motion is granted as to Count I.

---

[3] It is undisputed that an official transfer of the
lease from Eyvette Mahuka to Plaintiffs, approved by the
DHHL, has not occurred.  See Complaint at pg. 7 (stating
that Eyvette Mahuka "was the 'official' lessee" of the
Property).

C.    __Failure to State a Claim - Count II__

In Count II, Plaintiffs allege they were deprived, without due process, of the same alleged interest in the Property referred to in Count I.  "A procedural due process claim has two elements: deprivation of a Constitutionally protected liberty or property interest and denial of adequate procedural protection."  __Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.__, 616 F.3d 963, 970 (9th Cir. 2010) (citation omitted).

> The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.  When protected interests are implicated, the right to some kind of prior hearing is paramount.  But the range of interests protected by procedural due process is not infinite.

__Bd. of Regents of State Colls. v. Roth__, 408 U.S. 564, 569-70 (1972) (footnote omitted).  To implicate the Fourteenth Amendment's substantive protections, the interest at stake must be "within the Fourteenth Amendment's protection of liberty and property."  __Id.__ at 571.  For the same reasons as stated with respect to Count I, Plaintiffs have not alleged that they have an ownership interest in the Property.  "The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits.  These interests — property interests — may

15

take many forms." Id. at 576.  For the purpose of a due process

analysis, the Supreme Court held that,

> [t]o have a property interest in a benefit, a
> person clearly must have more than an abstract
> need or desire for it.  He must have more than a
> unilateral expectation of it.  He must, instead,
> have a legitimate claim of entitlement to it.  It
> is a purpose of the ancient institution of
> property to protect those claims upon which
> people rely in their daily lives, reliance that
> must not be arbitrarily undermined.  It is a
> purpose of the constitutional right to a hearing
> to provide an opportunity for a person to
> vindicate those claims.
>
> Property interests, of course, are not
> created by the Constitution.  Rather they are
> created and their dimensions are defined by
> existing rules or understandings that stem from
> an independent source such as state law—rules or
> understandings that secure certain benefits and
> that support claims of entitlement to those
> benefits. . . .

Id. at 577.

Plaintiffs have not alleged they possess a cognizable

interest in retaining the benefit of the Property leased from

DHHL by their sister.  Again, Plaintiffs' concerns about losing

their home are duly acknowledged, and the Court does not take

the situation lightly.  However, Plaintiffs' unilateral

expectation of, or desire to, continue occupying the Property

does not give rise to a legally identifiable interest for

purposes of the Due Process clause.  Without allegations to

support a finding of a constitutionally protected interest,

there can be no deprivation of that interest, and thus the first

element of the due process analysis is not sufficiently pled.
Therefore, Plaintiffs' Count II lacks the facial plausibility
required to survive a Rule 12(c) motion.

Plaintiffs have not alleged sufficient facts to
support a plausible claim that a violation of either the Takings
Clause or the Due Process Clause occurred.  The State
Defendants' Motion is therefore granted with respect to both of
Plaintiffs' claims.

## II.  Reconsideration of the 8/26/19 Order

In their Memorandum in Opposition, Plaintiffs request
that this Court reconsider the ruling in the 8/26/19 Order.  In
their 5/28/20 Response, Plaintiffs state they are not seeking
reconsideration of the 8/26/19 Order, and instead would like the
Court to enter judgment against them so they may begin their
appeal of the 8/26/19 Order.  To the extent that Plaintiffs seek
relief from the 8/26/19 Order under Fed. R. Civ. P. 60(b) in
their Memorandum in Opposition, Plaintiffs' request is denied as
untimely.[4]  See Local Rule LR60.1 (stating motions for

---

[4] Rule 60(b) states, in relevant part:

On motion and just terms, the court may relieve a
party . . . from a final . . . order . . . for
the following reasons:

(1)  mistake, inadvertence, surprise, or
excusable neglect;

(. . . continued)

reconsideration asserting "[m]anifest error of law or fact . . . must be filed and served within fourteen (14) days after the court's order is issued").

However, even if the Court were to consider Plaintiffs' argument that the Court erred in dismissing the United States in its 8/26/19 Order, Plaintiffs have not demonstrated a manifest error occurred warranting relief from the 8/26/19 Order. To the extent that Plaintiffs seek reconsideration or modification of the 8/26/19 Order, Plaintiffs argue this Court erred in dismissing the United States, stating "'the United States is an indispensable party.'" [Mem. in Opp. at 2 (quoting Carroll v. Nakatani, 342 F.3d 934, 944 (9th Cir. 2003)).] Plaintiffs' position is construed as a request for relief from the 8/26/19 Order pursuant to Rule 60(b)(1).

---

> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)  the judgment is void;
>
> (5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)  any other reason that justifies relief.

Plaintiffs have not presented any indicia of a manifest error of law or fact in the 8/26/19 Order to suggest the United States was an indispensable party.  "[T]he United States was a necessary party when a plaintiff challenged the eligibility requirements of the lease program because the Admission Act requires the United States to approve any change to the eligibility requirements."  Hopkins v. Aila, CIVIL NO. 19-00321 JAO-WRP, 2019 WL 5213833, at *4 (D. Hawai`i Oct. 16, 2019) (some citations omitted) (citing Arakaki v. Lingle, 477 F.3d 1048, 1059 (9th Cir. 2007)).  Neither of Plaintiffs' claims challenge the eligibility requirements of the DHHL leases, or the constitutionality of the terms of the trust.  Therefore, Plaintiffs' continued assertion that the United States is an indispensable party amounts to a mere disagreement with the Court's analysis in the 8/26/19 Order, which is not a basis for granting Rule 60(b) relief.  See Bodyguard Prods., Inc. v. Doe 1, CIVIL NO. 18-00276 JAO-RLP, 2019 WL 1083764, at *1 (D. Hawai`i Mar. 7, 2019) ("Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration." (citing White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006); Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005))).

        The only other possibly applicable subsection under which Plaintiffs could seek relief from the 8/26/19 Order is

Rule 60(b)(6).  "Rule 60(b)(6) relief normally will not be
granted unless the moving party is able to show both injury and
that circumstances beyond its control prevented timely action to
protect its interests." Navajo Nation v. Dep't of the Interior,
876 F.3d 1144, 1173 (9th Cir. 2017) (citation and quotation
marks omitted).  Plaintiffs have not presented any circumstances
beyond their control that prevented timely protection of their
interests after the filing of the 8/26/19 Order.  Thus, relief
from the 8/26/19 Order is not available pursuant to
Rule 60(b)(6).

     Finally, although presented with the opportunity to
file an amended complaint and the opportunity to respond to the
instant Motion, Plaintiffs request to forego litigation at the
district court level, and instead ask that a final judgment be
entered against them for the purpose of pursuing an appeal of
the 8/26/19 Order.  See 5/28/20 Response at 5 (stating that
Plaintiffs "purposefully ignored this Court's Order to Amend
their Complaint to fix this Court's perceived deficiency of the
Plaintiff's [sic] complaint as it relates to the United States
Defendant").  For these reasons, relief from the 8/26/19 Order
will not be granted under Rule 60(b)(1) or (6).  Plaintiffs'
request in the Memorandum in Opposition for reconsideration of
the 8/26/19 Order is denied.

## III. __Summary and Leave to Amend__

In sum, the Motion is granted.  In the context of a
Rule 12(c) motion, "[d]ismissal without leave to amend is
appropriate only when the Court is satisfied that an amendment
could not cure the deficiency."  Harris v. Cty. of Orange, 682
F.3d 1126, 1135 (9th Cir. 2012) (citation omitted).  Also, "a
district court should grant leave to amend even if no request to
amend the pleading was made, unless it determines that the
pleading could not possibly be cured by the allegation of other
facts," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000)
(citation and quotation marks omitted), because the Court "has a
duty to ensure that pro se litigants do not lose their right to
a hearing on the merits of their claim due to ignorance of
technical procedural requirements," see Balistreri v. Pacifica
Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (citations
omitted).  However, as an exercise of discretion, a court may
"deny leave to amend due to 'undue delay, bad faith or dilatory
motive on part of the movant, repeated failure to cure
deficiencies by amendments previously allowed, undue prejudice
to the opposing party . . . , [and] futility of amendment.'"
Carvalho v. Equifax Info. Servs., 629 F.3d 876, 892–93 (9th Cir.
2010) (alterations in Carvalho) (quoting Foman v. Davis, 371
U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

The State Defendants have made no showing of undue delay, bad faith, prejudice, or futility.[5] Therefore, the only remaining factor in the analysis is Plaintiffs' repeated failure to cure deficiencies in previously allowed amendments. As previously noted, Plaintiffs explicitly informed the Court of their decision to not amend their Complaint in an effort to obtain an adverse judgment that they could appeal to the Ninth Circuit. Similarly, although given multiple opportunities to respond to the instant Motion, Plaintiffs instead reassert their previously submitted arguments regarding the need for the United States to remain a part of this litigation and do not respond to the arguments raised in the Motion. See 5/28/20 Response at 2. This is not a case where Plaintiffs have repeatedly filed identically-flawed pleadings. However, the result is the same regardless, in that the deficiencies in the pleadings remain unresolved despite a previous grant of leave to amend the Complaint and additional opportunities to respond to the instant Motion. Thus, for repeated failures to cure the deficiencies, leave to amend is denied, and the Complaint is dismissed with prejudice.

---

[5] As the party opposing leave to amend, the State Defendants have the burden to establish prejudice. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) (citing Beeck v. Aqua-slide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977)).

<u>CONCLUSION</u>

On the basis of the foregoing, the State Defendants' Motion for Judgment on the Pleadings, filed December 13, 2019, is HEREBY GRANTED.  Plaintiffs' Complaint, filed April 8, 2019 is HEREBY DISMISSED WITH PREJUDICE.  There being no remaining claims in this case, this Court DIRECTS the Clerk's Office to close the case unless Plaintiffs file a motion for reconsideration within fourteen days of the entry of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, June 29, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

<u>FRANKLIN MAHUKA, JR., ET AL. VS. WILLIAM ALIA, ETC., ET AL</u>; CV 19-00177 LEK-RT; ORDER GRANTING STATE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING PLAINTIFFS' REQUEST FOR RECONSIDERATION